# EXHIBIT  1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEOFILO VASCO, individually and on behalf of all others similarly situated, | ) ) ) | No. 15-cv-4623-MAK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| POWER HOME REMODELING GROUP LLC, | ) ) ) | |
| Defendant. | ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement") is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure subject to the approval of the Court, by Plaintiff Teofilo Vasco ("Plaintiff") on behalf of the proposed Class (as defined below), and Defendant Power Home Remodeling Group LLC ("PHRG" or "Defendant") (together with Plaintiff, the "Parties"). The Settlement is intended by the Parties to fully and finally compromise, resolve, release, discharge, and settle the Released Claims (as defined below) as against all Released Parties (as defined below), subject to the terms and conditions set forth below and final approval of the Court.

WHEREAS:

A.    On August 14, 2015, Plaintiff filed a class action complaint ("Complaint") (Dkt. 1) against Defendant in this Action (as defined below) on behalf of a nationwide Class (as defined below) for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA");

B.      Among other things, Plaintiff alleges that Defendant called the cellular telephones of Plaintiff and other members of the Class using automatic telephone dialing systems and/or pre-recorded or artificial voice without obtaining proper consent, in violation of the TCPA;

C.      On October 22, 2015, Defendant filed its Answer (Dkt. 10) to the Complaint, denying any and all liability with respect to the claims alleged, among other things;

D.      Plaintiff's Counsel (as defined below) have conducted a thorough investigation of the facts and law relating to the matters in this Action, including, but not limited to, examining certain documents and data produced by Defendant and interviewing former employees and agents of Defendant;

E.      Beginning in December 2015, the Parties agreed to mediate this Action and retained the Honorable Diane M. Welsh, U.S. Magistrate Judge for the Eastern District of Pennsylvania (Retired) to serve as the mediator (the "Mediator");

F.      On February 17, 2016 and March 29, 2016, the Mediator conducted full day mediation sessions attended by the Parties as well as Defendant's Insurer (as defined below);

G.      At the conclusion of the mediation session on March 29, 2016, the Parties accepted the Mediator's settlement proposal, subject to the negotiation of a definitive settlement agreement and the approval of the Settlement by the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure;

H.      Prior to agreeing to the Settlement, Plaintiff's Counsel analyzed and evaluated the merits of the Parties' contentions in this Action.  Plaintiff and Plaintiff's Counsel, after taking into account the risks and costs of further litigation, are satisfied that the terms and conditions of this Settlement are fair, reasonable and adequate, and that the Settlement is in the best interest of the Class Members;

I.      Defendant denies violating the TCPA and further denies any liability to Plaintiff and the Class for the claims alleged.  Defendant desires to settle the claims solely to avoid the expense, burden and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by Plaintiff or the Class against Defendant concerning the matters alleged in this Action;

J.      The Settlement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any of the Parties of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in this Action, or of any fault or liability on the part of Defendant; and

K.      In consideration of the foregoing and other valuable consideration, the Parties agree to settle the claims of Plaintiff and the Class, subject to the Court's approval, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on the terms and conditions set forth below.

## I.      **DEFINITIONS**

As used in this Settlement, the following terms shall have the meanings specified below. As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

1.1.    "Action" means *Teofilo Vasco v. Power Home Remodeling Group LLC*, No. 15-cv-4623-MAK (E.D. Pa.).

1.2.    "Authorized Claimant" means a Class Member who submits a timely and valid Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Amount.

1.3.    "Claimant" means a person that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Amount.

1.4.    "Claim Form" means the Claim and Release Form (substantially in the form attached hereto as Exhibit C) that a Class Member must complete to be eligible to share in the distribution of the Net Settlement Amount.

1.5.    "Claims Administrator" means Angeion Group, LLC.

1.6.    "Class" is defined as: a) all persons; b) who received a call; c) made by or on behalf of PHRG; d) on his or her cellular telephone; e) where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages; f) during the period from October 16, 2013 to April 27, 2016.  Excluded from the Class are: (i) PHRG; (ii) any affiliates of PHRG; (iii) any employee of PHRG; (iv) those persons who file a timely and valid request to be excluded from the Class; and (v) the legal representatives, heirs, successors and assigns of any excluded person or entity.

1.7.    "Class Member" and "Member of the Class" mean a person who is a member of the Class.

1.8.    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.9.    "Defendant's Counsel" means Hinshaw & Culbertson LLP and Litchfield Cavo LLP.

1.10.   "Defendant's Insurer" means The Travelers Indemnity Company.

1.11.   "Effective Date" means the first day following the day on which this Settlement shall become effective when all of the following have occurred:

   a)    The Court enters the Final Approval Order which:

        i.    approves the Settlement as fair, reasonable and adequate to the Class;

        ii.   finds that this Settlement is made in good faith;

        iii.     specifies the amounts that will be paid to Plaintiff, Plaintiff's Counsel, and the Claimants; and

        iv.     dismisses with prejudice Plaintiff's claims and the claims of the Class.

And

b)     One of the following occurs:

        i.     if the Final Approval Order is not appealed, the expiration of three (3) days after the date that the Final Approval Order becomes a final and non-appealable order; or

        ii.     if the Final Approval Order is appealed, and the appeal results in a disposition that affirms the Final Approval Order, the expiration of three (3) days after the date that the disposition becomes a final and non-appealable order.

1.12.   "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.13.   "Final Approval Order" means the Court's Order and Final Judgment.

1.14.   "Litigation Expenses" mean the out-of-pocket costs incurred by Plaintiff's Counsel for which Plaintiff's Counsel intends to apply to the Court for reimbursement out of the Settlement Amount.  Litigation Expenses do not include any Notice and Administration Costs.

1.15.   "Net Settlement Amount" means the Settlement Amount less:  (a) any attorneys' fees awarded by the Court; (b) any Litigation Expenses; (c) any Service Award; and (d) any Notice and Administration Costs paid from the Settlement Amount.

1.16.   "Notice" means the Notice of Class Action Settlement (substantially in the form attached hereto as <u>Exhibit B</u>), which is to be sent by the Claims Administrator to Class Members.

1.17.   "Notice and Administration Costs" mean the reasonable fees and costs of notice and settlement administration that are incurred by the Claims Administrator in connection with

this Settlement, including, without limitation: (a) providing Notice to the Class; (b) processing and administering the Claim Forms; and (c) distributing the Net Settlement Amount.

1.18.    "Opt-out" means to exclude oneself from the Settlement.

1.19.    "Order and Final Judgment" means the Court's Order and Final Judgment to be entered in this Action pursuant to this Settlement substantially in the form of <u>Exhibit D</u> and as defined in Paragraph 3.11 below.

1.20.    "Plaintiff's Counsel" means Berger & Montague, P.C. and Hughes Ellzey, LLP.

1.21.    "Plan of Allocation" means the proposed plan for allocating the Net Settlement Amount to Authorized Claimants, by which all Authorized Claimants shall receive equal shares of the Net Settlement Amount.

1.22.    "Preliminary Approval Order" means the order (substantially in the form of <u>Exhibit A</u>) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class.

1.23.    "Released Claims" mean any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the time period from October 16, 2013 to April 27, 2016, whether legal or equitable or otherwise, that actually were, or could have been, asserted in this Action based upon the facts alleged in the Action that arise from any violation of any provision of the TCPA or any similar state statute, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action.

1.24.    "Released Parties" mean PHRG, and all of its past and present parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under their control in the past or in the present; its assignors, predecessors, successors and assigns; and the past or

present partners, members, directors, officers, managers, employees, agents, licensees, agencies, attorneys, insurers, accountants and representatives of any and all of the foregoing.

1.25.   "Service Award" means an award of up to five thousand dollars ($5,000) to Plaintiff for his representation of the Class in the Action, subject to the Court's approval.

1.26.   "Settlement Amount" means the total amount of five million and two hundred thousand dollars ($5,200,000) to be paid by or on behalf of PHRG in accord with this Settlement.

## II. THE SETTLEMENT CONSIDERATION

2.1.   In consideration of the Settlement of claims asserted in this Action, and subject to the terms and conditions of this Settlement, Defendant shall pay, or cause to be paid, the Settlement Amount.

2.2.   The Settlement Amount shall be used to pay the following amounts, all subject to the approval of the Court:  (a) attorneys' fees and Litigation Expenses to Plaintiff's Counsel; (b) the Service Award to Plaintiff; and (c) Notice and Administration Costs.   The Claims Administrator will distribute the Net Settlement Amount among the Authorized Claimants who do not exclude themselves and who return a valid and timely Claim Form.  Authorized Claimants will each receive an equal *pro rata* share of the Net Settlement Amount by check.  Checks issued to Authorized Claimants will be void 120 days after issuance.

2.3.   In paying the Settlement Amount, Defendant shall pay or cause the payment of: (a) $800,000 to the Claims Administrator for a portion of the Notice and Administration Costs within fourteen (14) days of the Court's entry of the Preliminary Approval Order; and (b) up to an additional $400,000 to the Claims Administrator for additional Notice and Administration Costs within twenty-one (21) days of receipt of an invoice(s) for services and costs after approval by Plaintiff's Counsel.  Within three (3) days of the Effective Date, Defendant shall pay

or cause the payment of: (a) attorneys' fees and Litigation Costs as awarded by the Court to be paid directly to Plaintiff's Counsel; and (b) the Service Award as awarded by the Court to be paid directly to Plaintiff by mailing a check to Plaintiff's Counsel via overnight mail or via wire transfer. Within seven (7) business days after the Claims Administrator provides a certification stating that that the claims verification process is complete and the Claims Administrator is ready to distribute the Net Settlement Amount, but no sooner than the twenty-one (21) days following the Effective Date, Defendant shall pay or cause the payment of the Net Settlement Amount to the Claims Administrator for distribution to Authorized Claimants, in accord with this Settlement and the Orders of the Court.

      2.4.    Upon the Effective Date, Plaintiff and the Class grant the following respective releases:

      a)    Plaintiff Teofilo Vasco, for himself and his agents, representatives, attorneys, heirs, assigns, any person acting on his behalf or for his benefit, and any person claiming through him (collectively, "Releasors"), releases and discharges the Released Parties, from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, that Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit.

      b)    Each Class Member who does not properly opt-out releases and forever discharges the Released Parties of all the Released Claims.

      2.5.    This Settlement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Settlement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Settlement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not

limited to matters respecting class certification, jurisdiction and applicable law) on the part of any of the Parties, except as provided herein.  Defendant denies the allegations of the Complaint. Neither this Settlement nor the fact of the Settlement, nor the Settlement proceedings, nor Settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendant or any of the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendant or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement.

2.6.     Within thirty (30) days following the last void date of the Class Members' checks, any uncashed checks or undistributed funds will be paid by the Class Administrator in equal parts to Community Legal Services of Philadelphia, Public Interest Law Center of Philadelphia, and Habitat for Humanity Philadelphia as a *cy pres* award.

2.7.     Under no circumstances shall the liability of Defendant under this Settlement exceed $5,200,000, except as provided herein.  However, under no circumstances will Defendant or Defendant's Insurer be entitled to any return, refund, reduction or remittitur of any portion of the Settlement Amount, unless the Settlement does not receive a Final Approval Order as provided herein.

## III.  CLASS SETTLEMENT PROCEDURES

3.1.     Plaintiff shall file with the Court a Motion for Preliminary Approval of the Settlement, attaching this Settlement and all exhibits hereto, and move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

3.2.     For purposes of the Settlement only, Plaintiff will request as part of the Preliminary Approval Order and the Order and Final Judgment that the Court:  (a) certify the

Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and approve the definition of the Class; (b) appoint Plaintiff to serve as the Class Representative; and (c) appoint Plaintiff's Counsel to serve as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  For purposes of the Settlement only, Defendant will not oppose the request.

  3.3. The Claims Administrator, supervised by Class Counsel, shall discharge its duties subject to the jurisdiction of the Court.  The Released Parties shall have no responsibility for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.  The Claims Administrator shall cause to be mailed the Notice and Claim Form to those Class Members who may be identified by the Claims Administrator through reasonable effort.

  3.4. Membership in the Class and eligibility for this Settlement shall be determined from Defendant's business records.  PHRG represents that the unique cellular telephone numbers associated with Class Members total no more than 1.3 million such numbers.  By May 13, 2016, PHRG shall provide the Claims Administrator with a list of the aforementioned cellular telephone numbers and the name and address associated with those telephone numbers according to Defendant's business records.   The aforementioned information shall be provided in a computer readable format (without deduction from the Settlement Amount or cost to the Class, Plaintiff's Counsel or the Claims Administrator).   The Claims Administrator shall use the National Change of Address Database to obtain current addresses for Class Members as may be necessary.

  3.5. The administration of the Settlement will be performed as follows:

   a) By May 13, 2016, PHRG will provide the Claims Administrator with a list of those persons that PHRG's business records indicate are in the Class.

b)   Provided that PHRG has paid the Class Administrator any required payment or postage, within sixty (60) days after entry of the Preliminary Approval Order, the Claims Administrator shall send the Notice to the last known addresses of the Class Members according to PHRG's records. Each Notice shall be sent with a request for forwarding addresses.  In the event that a Notice is returned as undeliverable and a forwarding address is provided, the Claims Administrator shall cause to be forwarded any such returned Notice to the address provided within five (5) business days of receipt.  Any Class Member whose notice is returned as undeliverable with no forwarding address available and does not otherwise submit a Claim Form shall not receive a portion of the Net Settlement Amount, but will otherwise remain a member of the Class for all other purposes in this Settlement.  Class Members shall have sixty (60) days from the date the Notice is initially mailed by the Claims Administrator to opt-out or object to the Settlement.

c)   The Claims Administrator shall make active a settlement website, with a domain name of www.phtcpa.com, by the date that the Notice is mailed to the Class Members.  The settlement website shall include copies of the Settlement (including its exhibits), the Notice, the Claim Form, the Preliminary Approval Order, and the Final Approval Order, in PDF formats that are not indexed by search engines.  The settlement website home page will include the case caption in a format that is not indexed by search engines.  The home page will also include a paragraph which states: "If you recently received the Notice of Class Action Settlement in the mail and would like to file your Claim and Release Form online, please click here."  Class members will be able to click a button opening a page wherein once a valid identification number from the Notice is provided, a Claim Form will appear and the Claim Form can be submitted electronically.   The settlement website will contain a section titled "Frequently Asked Questions" and the answers will be consistent with the information contained in the Notice. The section titled "Frequently Asked Questions" will be in a format that is not indexed by search engines.  The settlement website will set forth relevant deadlines for Class Members including, for example: a) the due date for the Claim Form to be submitted; b) the due date for requesting exclusion; and c) the due date for objecting.  The settlement website will not contain any other information or links.  The settlement website shall remain active until the time period for cashing settlement checks has ended.

d)   At least seven (7) days prior to the Final Approval Hearing, the Parties shall file with the Court a Declaration from the Claims Administrator that specifies the number of Class Members who opted out or objected to the Settlement; all costs incurred by the Claims Administrator to date; an estimate of the cost for mailing the checks to the Authorized Claimants

and completing the settlement administration; and the estimated amount that will be distributed to each Authorized Claimant.

3.6.     The Claims Administrator shall receive all Claim Forms and administer the Settlement as approved by the Court.  Claim Forms may be returned to the Claims Administrator via mail, the settlement website, facsimile, and email.  Pursuant to the Plan of Allocation, all Authorized Claimants shall receive equal shares of the Net Settlement Amount.  The Notice shall state that all Claim Forms must be submitted within sixty (60) days from the date the Notice is initially mailed by the Claims Administrator.  The Claims Administrator, however, will accept untimely Claim Forms so long as they are otherwise valid, up to the date that the Claims Administrator determines the amount to be received by each Authorized Claimant.  Any Class Member who fails to submit a Claim Form that is accepted by the Claims Administrator as set forth above shall be forever barred from receiving any distribution from the Settlement Amount and any other payment pursuant to this Settlement, but shall in all other respects be bound by the terms of this Settlement.

3.7.     Any Class Member may exclude himself/herself from the Settlement by opting-out within sixty (60) days from the date the Notice is initially mailed by the Claims Administrator.  Any Class Member who opts out of the Class and the Settlement shall not be bound by the terms of the Settlement, shall not be entitled to object to the Settlement, and shall not be entitled to any monetary benefits under the Settlement.  The Parties will notify each other of the receipt of any request for exclusion or objection to this Settlement received from a Class Member.

3.8.     Immediately following the Effective Date, the Claims Administrator shall calculate the disbursements of the Net Settlement Amount.  Each Authorized Claimant will receive a check for that Authorized Claimant's share of the Net Settlement Amount.  The check shall be void after 120 days from the date of issuance.

3.9.   Preliminary Approval Order.   As soon as practicable after execution of this Stipulation, the parties shall move the Court to enter the Preliminary Approval Order, which:

  a.   preliminarily approves this Settlement;

  b.   preliminarily certifies the Class defined herein;

  c.   appoints Plaintiff's Counsel as Class Counsel and Plaintiff Teofilo Vasco as Class Representative;

  d.   schedules the Final Approval Hearing;

  e.   approves the form and content of the Notice; and

  f.   finds that the proposed dissemination of the Notice and other measures specified in Paragraph 3.5 above is the only Notice required and that such Notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

3.10.   Final Approval Order.   Two weeks prior to the Final Approval Hearing or upon the timetable set by the Court, Plaintiff shall file a Motion for Final Approval of the Settlement, and shall request that the Court enter a Final Approval Order, which:

  a.   grants final approval of the Settlement as fair, reasonable and adequate;

  b.   provides for the implementation of the terms and provisions of the Settlement;

  c.   finds that the notice given to the Class members satisfies the requirements of due process and Rule 23;

  d.   dismisses the individual claims of Plaintiff with prejudice and without costs, and dismisses the TCPA claims of the Class Members with prejudice and without costs, except as otherwise stated herein; and

  e.   enters final judgment based on the Settlement, with the Court retaining jurisdiction to enforce the terms of the Final Approval Order and the Settlement.

3.11.   If this Settlement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties and shall not be used in any subsequent proceedings in this or any other litigation, or in

any manner whatsoever.  In the event that the Settlement is not approved, the Parties agree that they will act in good faith to try to rectify any impediment to approval of the Settlement.

3.12.   A Class Member requesting exclusion from the Class shall be requested to provide certain information to the Claims Administrator as set forth in the Notice.   Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by the Notice shall be bound by the Settlement.

3.13.   The Claims Administrator shall scan and send electronic copies of all requests for exclusion and objections to Defendant's Counsel and Plaintiff's Counsel expeditiously (and in no event more than three (3) business days) after the Claims Administrator receives such notices.

3.14.   If more than five percent (5%) of the Class Members opt out of this Settlement, Defendant may revoke this Settlement within five (5) business days of receiving notice from the Claims Administrator that this threshold has been reached.

3.15.   In the event that the Settlement is terminated pursuant to the terms of this Settlement, all Notice and Administration Costs that were actually incurred by the Claims Administrator up to the date that the Settlement is terminated shall not be returned or repaid to PHRG or Defendant's Insurer.  In no event shall the Claims Administrator be required to incur unreimbursed amounts for any Notice and Administration Costs incurred.

## IV. **CLAIMS ADMINISTRATOR**

4.1.   The Claims Administrator, subject to the supervision, direction and approval of Plaintiff's Counsel and the Court, shall process and administer the Claim Forms submitted by Class Members, calculate Class Members' claims pursuant to the Plan of Allocation, oversee distribution of the Net Settlement Amount, and perform all claims administration procedures necessary or appropriate to effectuate the Settlement as approved by the Court.

4.2.    Each Authorized Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Authorized Claimant's Claim Form, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Authorized Claimant will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity of the Authorized Claimant's Claim Form.

4.3.    Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his or her share of the Net Settlement Amount as soon as reasonably practicable.

4.4.    Payment pursuant to the Settlement following approval by the Court shall be final and conclusive against any and all Class Members.  No person shall have any claim against Plaintiff, Plaintiff's Counsel, Defendant, Defendant's Counsel, any of the other Released Parties or the Claims Administrator based on distributions made substantially in accordance with the Court-approved Settlement or as reflected in the Court's Orders.

4.5.    All proceedings with respect to the administration, processing and determination of Claim Forms and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claim Forms, shall be subject to the jurisdiction of the Court.

## V.  ATTORNEYS' FEES, LITIGATION EXPENSES AND SERVICE AWARD

5.1.    Subject to the approval of the Court, Plaintiff's Counsel will apply to the Court for an award from the Settlement Amount of attorneys' fees of not more than twenty-five percent (25%) of the Settlement Amount ($1,300,000), plus reimbursement of their Litigation Expenses

not to exceed twenty thousand dollars ($20,000).   Defendant agrees not to oppose such application for attorneys' fees and reimbursement of Litigation Expenses.

      5.2.    Subject to the approval of the Court, Plaintiff may apply to the Court for a Service Award in an amount up to five thousand dollars ($5,000).

      5.3.    Defendant shall have no responsibility for and no liability with respect to the allocation or payment of attorneys' fees and Litigation Expenses that the Court may award, the Service Award, or for any allocation or payment of any portion of the Settlement Amount to any other person who may assert some claim thereto.

## VI.  TERMS OF THE ORDER AND FINAL APPROVAL

      6.1.    The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit D.

      6.2.    At the Final Approval Hearing, Plaintiff, through Plaintiff's Counsel, shall request entry of the Order and Final Judgment as identified in Paragraph 3.10 above.

## VII.  MISCELLANEOUS PROVISIONS

      7.1.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.   Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Settlement and the terms of any exhibit hereto, the terms of this Settlement shall prevail.

      7.2.    The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement.

      7.3.    In consideration of this Settlement and the attorneys' fees that are awarded by the Court pursuant to this Settlement, Class Counsel releases the "Released Parties" of and from any

and all claims for additional attorneys' fees (beyond those granted by the Court), by lien or otherwise, for legal services rendered in this case.

7.4.    PHRG shall timely give all notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), including by mailing the CAFA notice within ten (10) calendar days of the filing of this Settlement with the Court.  PHRG shall promptly inform Plaintiff's Counsel that such timely mailing has occurred and shall provide to Plaintiff's Counsel a copy of all such notices.  PHRG shall exclusively pay all costs and expenses associated with all such notices, and in no event shall any such costs be paid from the Settlement Amount or by Plaintiff or Plaintiff's Counsel.

7.5.    This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Parties or their successors-in-interest.

7.6.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

7.7.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Parties or the Class against any and all of the Released Parties with respect to the Released Claims.  The Parties agree that the Settlement Amount and the terms of the Settlement were negotiated at arm's length in good faith by the Parties with the assistance of the Mediator, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

7.8.    If the date for performance of any act required by or under this Settlement falls on a Saturday, Sunday or Court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement.

7.9.    The terms and conditions set forth in this Settlement, including the exhibits hereto, constitute the complete and exclusive statement of the Settlement between the Parties hereto relating to the subject matter of the Settlement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Settlement constitutes the complete and exclusive statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Settlement. Any modification of the Settlement must be in writing signed by Plaintiff's Counsel and Defendant.

7.10.    The construction, interpretation, operation, effect, and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by Pennsylvania law without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

7.11.    The determination of the terms of, and the drafting of, this Settlement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. The rule that any uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties. This Settlement shall not be construed more strictly against one of the Parties than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement.

7.12.    This Settlement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership or other entity into or with which any of the Parties may merge, consolidate or reorganize.

-18-

7.13.   The waiver by any of the Parties of any provision or breach of this Settlement shall not be deemed a waiver of any other provision or breach of this Settlement.

7.14.   This Settlement may be executed in one or more counterparts, including by signature transmitted via Docusign, facsimile, or by a .pdf/.tif image of the signature transmitted via electronic mail.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

7.15.   Each counsel signing this Settlement represents that such counsel has authority to sign this Settlement on behalf of Plaintiff or Defendant, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

7.16.   The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement.  If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the Parties' mutual satisfaction.  Class Counsel agrees not to use on their websites the following terms or phrases: Powerhrg, Power Home Remodeling Group, LLC, Power Home Remodeling and/or Power Home.

7.17.   The administration, consummation, and enforcement of the Settlement as embodied in this Settlement shall be under the authority of the Court and the Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders regarding this Settlement and enforcing the terms of this Settlement.

7.18.   Notices required by this Settlement shall be submitted by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

The Parties have caused this Settlement to be executed by their duly authorized attorneys as of May 5, 2016.

BERGER & MONTAGUE, P.C.

_____
Shanon J. Carson (scarson@bm.net)
Arthur Stock (astock@bm.net)
Lane L. Vines (lvines@bm.net)
1622 Locust Street
Philadelphia, PA  19103
Tel.:  (215) 875-3000
Fax:  (215) 875-4604

--and--

HUGHES ELLZEY, LLP


_____
W. Craft Hughes (craft@hughesellzey.com)
Jarrett L. Ellzey (jarrett@hughesellzey.com)
2700 Post Oak Blvd., Suite #1120
Galleria Tower I
Houston, TX  77056
Tel.:  (888) 350-3931
Fax:  (888) 995-3335

*Attorneys for Plaintiff Teofilo Vasco
and the Proposed Class*

HINSHAW & CULBERTSON LLP


_____
David M. Schultz dschultz@hinshawlaw.com)
222 North LaSalle Street, Suite 300
Chicago, IL  60601
Tel.:  (312) 704-3000
Fax:  (312) 704-3001

--and--

LITCHFIELD CAVO LLP


_____
John D. Shea (shea@litchfieldcavo.com)
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ  08002
Tel.:  (856) 854-3636
Fax:  (856) 751-1230

*Attorneys for Defendant Power Home
Remodeling Group LLC*



_____
A DULY AUTHORIZED AGENT OF POWER
HOME REMODELING GROUP LLC
   By:

_____
Teofilo Vasco, Plaintiff

DocuSign Envelope ID: 08BBF68E-A0A8-4C0F-9C32-FF943CFE39C5

The Parties have caused this Settlement to be executed by their duly authorized attorneys

as of May 5, 2016.

BERGER & MONTAGUE, P.C.                HINSHAW & CULBERTSON LLP


_____       _____
Shanon J. Carson (scarson@bm.net)      David M. Schultz dschultz@hinshawlaw.com)
Arthur Stock (astock@bm.net)           222 North LaSalle Street, Suite 300
Lane L. Vines (lvines@bm.net)          Chicago, IL  60601
1622 Locust Street                     Tel.:  (312) 704-3000
Philadelphia, PA  19103                Fax:  (312) 704-3001
Tel.:  (215) 875-3000
Fax:  (215) 875-4604                        --and--

     --and--                           LITCHFIELD CAVO LLP

HUGHES ELLZEY, LLP

*Jarrett Ellzey*                       _____
_____       John D. Shea (shea@litchfieldcavo.com)
W. Craft Hughes (craft@hughesellzey.com)   1800 Chapel Avenue West, Suite 360
Jarrett L. Ellzey (jarrett@hughesellzey.com)   Cherry Hill, NJ  08002
2700 Post Oak Blvd., Suite #1120       Tel.:  (856) 854-3636
Galleria Tower I                       Fax:  (856) 751-1230
Houston, TX  77056
Tel.:  (888) 350-3931                  *Attorneys for Defendant Power Home
Fax:  (888) 995-3335                   Remodeling Group LLC*

*Attorneys for Plaintiff Teofilo Vasco
and the Proposed Class*


                                       _____
                                       A DULY AUTHORIZED AGENT OF POWER
                                       HOME REMODELING GROUP LLC
                                            By:

*Teofilo Vasco*
_____
Teofilo Vasco, Plaintiff

The Parties have caused this Settlement to be executed by their duly authorized attorneys as of May 5, 2016.

BERGER & MONTAGUE, P.C.

_____

Shanon J. Carson (scarson@bm.net)
Arthur Stock (astock@bm.net)
Lane L. Vines (lvines@bm.net)
1622 Locust Street
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

--and--

HUGHES ELLZEY, LLP

_____

W. Craft Hughes (craft@hughesellzey.com)
Jarrett L. Ellzey (jarrett@hughesellzey.com)
2700 Post Oak Blvd., Suite #1120
Galleria Tower I
Houston, TX 77056
Tel.: (888) 350-3931
Fax: (888) 995-3335

*Attorneys for Plaintiff Teofilo Vasco
and the Proposed Class*

_____

Teofilo Vasco, Plaintiff

HINSHAW & CULBERTSON LLP

_____

David M. Schultz dschultz@hinshawlaw.com)
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Tel.: (312) 704-3000
Fax: (312) 704-3001

--and--

LITCHFIELD CAVO LLP

_____

John D. Shea (shea@litchfieldcavo.com)
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ 08002
Tel.: (856) 854-3636
Fax: (856) 751-1230

*Attorneys for Defendant Power Home
Remodeling Group LLC*

_____

A DULY AUTHORIZED AGENT OF POWER
HOME REMODELING GROUP LLC
By: _____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEOFILO VASCO, individually and on behalf of all others similarly situated, | ) ) ) No. 15-cv-4623-MAK |
| Plaintiff, | ) ) [PROPOSED] ORDER GRANTING ) PLAINTIFF'S MOTION FOR |
| v. | ) PRELIMINARY APPROVAL OF CLASS ) ACTION SETTLEMENT |
| POWER HOME REMODELING GROUP LLC, | ) ) ) |
| Defendant. | ) ) |

WHEREAS, the above-captioned class action lawsuit is pending before this Court;

WHEREAS, the Court has received and reviewed the parties' Settlement Agreement dated May 5, 2016, and the accompanying exhibits thereto (the "Agreement"), entered into by Plaintiff Teofilo Vasco ("Plaintiff"), on behalf of himself and the Class he proposes to represent, and Defendant Power Home Remodeling Group LLC ("PHRG" or "Defendant");

WHEREAS, Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Class and a hearing, to settle this Action on the terms and conditions set forth in the Agreement and the terms of the Agreement are hereby incorporated as though fully set forth in this Order; and

WHEREAS, Plaintiff has moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order preliminarily certifying the Class and preliminarily approving the Agreement which sets forth the terms and conditions of the parties' proposed settlement,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily finds that the proposed Class is so numerous that joinder of all members is impracticable, that there are questions of fact and law common to the Class and

that those questions predominate over questions affecting only individual Class members, that Plaintiff's claims are typical of the claims of the Class, that Plaintiff will fairly and adequately protect the interests of the Class, and that class treatment is superior to individual litigation by Class members.

2.      In light of the above findings, preliminarily and solely for purposes of settlement, the Court certifies the following Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), consisting of:

> all persons who received a call made by or on behalf of PHRG on his or her cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages, during the period from October 16, 2013 to April 27, 2016 (the "Class").

Excluded from the Class are: (i) PHRG; (ii) any affiliates of PHRG; (iii) any employee of PHRG; (iv) those persons who file a timely and valid request to be excluded from the Class; and (v) the legal representatives, heirs, successors and assigns of any excluded person or entity.

3.      The Court's preliminary certification of the Class is subject to further consideration at the Final Approval Hearing, as set below.

4.      The Court preliminarily appoints Plaintiff Teofilo Vasco as the Class Representative, and appoints Shanon J. Carson, Arthur Stock and Lane L. Vines of Berger & Montague, P.C., and W. Craft Hughes and Jarrett L. Ellzey of Hughes Ellzey, LLP, to serve as Class Counsel.

5.      The Court preliminarily approves the Agreement subject to further consideration at the Final Approval Hearing.

6.      The foregoing determination regarding class certification is for settlement purposes only.  The Court recognizes that the Parties agree that PHRG retains the right to dispute that a class may be certified in this case should the Agreement not be finally approved.  In the

event that the Agreement does not become final for any reason, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect, and this Order will be vacated in its entirety.  Further, in the event that the Agreement does not become final for any reason, and litigation resumes, then all negotiations, proceedings, documents prepared and statements made in connection therewith shall be without prejudice to any person or party thereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any subsequent proceeding in this Action or any other action in any court or other proceeding.

7.     The Final Approval Hearing is scheduled for _____, 2016, at _____ _.m., at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom ____, Philadelphia, PA 19106, to determine whether the proposed settlement as set forth in the Agreement is fair, reasonable and adequate and should be approved by the Court.

8.     The Court approves the parties' proposed Notice of Class Action Settlement ("Notice") and Claim and Release Form ("Claim Form") attached as Exhibits B and C, respectively, to the Agreement, authorizes the mailing and distribution of the Notice and Claim Form to the Class as set forth in the Agreement, and finds that the proposed manner and form of Notice is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9.     Angeion Group, LLC is appointed to serve as the Claims Administrator and shall perform the duties set forth in the Agreement.

10.     Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the terms and conditions of the Agreement, and the Claims Administrator shall accept and process Claim Forms in accordance with the Agreement.

11.     Any Class Member may appear at the Final Approval Hearing if they wish to show good cause why the Agreement should not be approved as fair, reasonable and adequate, provided that they must first have delivered by hand or served by U.S. first class mail to Berger & Montague, P.C., Attn.: Shanon J. Carson, Arthur Stock, Lane L. Vines, 1622 Locust Street, Philadelphia, PA 19103; and Hinshaw & Culbertson LLP, Attn.: David M. Schultz, John P. Ryan, 222 North LaSalle Street, Suite 300, Chicago, IL 60601, written objections that specifically state with specificity the grounds for any objection, such that they are received or postmarked within sixty (60) days from the date the Notice is initially mailed by the Claims Administrator.  Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to any aspect of the Agreement, unless otherwise ordered by the Court.

12.     Any requests for exclusion must be submitted such that they are received or postmarked within sixty (60) days from the date the Notice is initially mailed by the Claims Administrator.  Any Class Member who does not request exclusion from the Class in the manner stated in the Notice shall be deemed to have waived his or her rights to be excluded from the Class.

13.     All reasonable fees and expenses of the Claims Administrator shall be paid from the Settlement Amount as set forth in the Agreement without further order of the Court.  In the event that the Settlement is terminated pursuant to the terms of this Settlement, all Notice and

Administration Costs that were actually incurred by the Claims Administrator up to the date that the Settlement is terminated shall not be returned or repaid to PHRG or Defendant's Insurer.

      14.    In accord with the above, the Court approves the following deadlines:

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice and Claim Form to Class Members | No later than 60 days after entry of Preliminary Approval Order |
| Deadline for Class Counsel to file with the Court proof, by affidavit or declaration, of the mailing of the Notice | With Plaintiff's Motion for Final Approval of Class Action Settlement |
| Deadline for Plaintiff to file a Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Expenses | 21 days prior to the deadline for Class Members to opt-out or object to the settlement |
| Deadline for Class Members to opt-out or object to the settlement | 60 days after the Notice and Claim Form is mailed by the Claims Administrator |
| Deadline for filing reply papers by the parties in further support of the settlement and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Deadline for filing the declaration from the Claims Administrator specifying the number of Class Members who requested exclusion or submitted objections; all costs incurred by the Claims Administrator to date; an estimate of the costs for mailing the checks to the Authorized Claimants and completing the settlement administration; and the estimated amount that will be distributed to each Authorized Claimant | Seven (7) days prior to the Final Approval Hearing |

| Event | Time for Compliance |
|---|---|
| Final Approval Hearing (approximately 160 days after entry of the Preliminary Approval Order, scheduled at the Court's convenience) | _____, 2016, at _____ _.m., at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom _____, Philadelphia, PA 19106 |
| Deadline for Class Members to file Claim Forms | 60 days after the Notice and Claim Form is mailed by the Claims Administrator except as set forth in the Settlement Agreement. |

IT IS SO ORDERED:


DATED: _____        _____

THE HONORABLE MARK A. KEARNEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEOFILO VASCO, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>POWER HOME REMODELING GROUP LLC,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 15-cv-4623-MAK |

## NOTICE OF CLASS ACTION SETTLEMENT

*A United States Federal Court authorized this Notice.  This is not a solicitation from a lawyer.
Your legal rights will be affected whether or not you act.  Please read this Notice carefully.*

**Your rights may be affected by the proposed $5.2 million settlement ("Settlement") of the
above-captioned class action lawsuit (the "Action") if you received a call made by or on
behalf of Power Home Remodeling Group LLC ("PHRG") on your cellular telephone
where the call was made using an automatic telephone dialing system and/or pre-
recorded or artificial voice messages during the period from October 16, 2013 to April 27,
2016 (the "Class").**

**If you are covered by the above description of the Class, you are a Class Member and
entitled to a payment.  If you received this Notice, you are probably a Class Member.  The
actual payment you will receive depends on the number of valid Claim Forms received.**

**What are My Options?**  As a Class Member, you have the following options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | Get no payment.  Remain a Class Member.  Give up certain rights. |
| **SUBMIT A CLAIM FORM ONLINE, BY EMAIL, BY FAX, OR BY MAIL POSTMARKED BY _____, 2016.** | If you wish to obtain a cash payment as a Class Member, you must fill out and return a Claim and Release Form ("Claim Form") which is included with this Notice and available online at www._____.com.  Claim Forms must be completed, signed and submitted to the Claims Administrator online, by email, by fax, or by mail postmarked no later than _____, 2016. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED OR POSTMARKED NO LATER THAN _____, 2016.** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit or other legal proceeding such as arbitration if applicable against PHRG concerning the claims asserted in this Action. Should you exclude yourself from the Settlement and the Action, you should understand that PHRG will have the right to assert all defenses it may have to any claims that you may seek to assert including, among others, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT SO THAT THE OBJECTION IS RECIVED OR POSTMARKED NO LATER THAN _____, 2016.** | Write to the Court about why you do not like the Settlement. You can do this only if you do not exclude yourself. |

**What Is the Case About?**  This class action lawsuit claims that PHRG violated a law called the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by calling cellular phones without proper consent using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 13, 2013 to April 27, 2016. PHRG denies that it violated the law or did anything wrong and has asserted many defenses, including that PHRG obtained the requisite consent prior to making calls to the Class Members, among other things. PHRG does not admit any wrongdoing. Under the proposed Settlement, which must be approved by the Court, PHRG will pay a non-reversionary amount of $5,200,000. Note that capitalized terms used in this Notice not otherwise defined have the meanings ascribed to them in the parties' Settlement Agreement dated May \_\_\_, 2016 (the "Agreement"). A copy of the Agreement, this Notice, the Claim and Release Form, and certain other documents related to this Action may be accessed online at www⬛⬛⬛⬛⬛⬛⬛⬛⬛.com.

**Why am I receiving this Notice:**  The Court in charge of this lawsuit has ordered that this Notice be sent to persons who are included in the Class to advise them of (a) the terms of the proposed Settlement, (b) their rights concerning the Settlement, and (c) their rights in connection with a hearing to be held before the United States District Court for the Eastern District of Pennsylvania (the "Court"), at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 in Courtroom ⬛⬛⬛ on ⬛⬛⬛⬛⬛⬛, 2016 at ⬛⬛⬛ to consider the fairness, reasonableness and adequacy of the Settlement and the application for attorneys' fees and reimbursement of litigation expenses and costs to Class Counsel and related matters (the "Final Approval Hearing"). The time and date of the Final Approval Hearing may be changed by the Court without further notice to the Class. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain in the Class, the steps necessary to obtain his/her share of the distribution of the Net Settlement Amount in the event the Settlement is approved by the Court. Current and former affiliates and employees of PHRG, and their legal representatives, heirs, successors and assigns, may not participate in this Settlement or receive a payment.

**Can I get money from the Settlement?**  Yes, if you are a Class Member you will be entitled to a portion of the Settlement. Authorized Claimants will receive equal shares of the Net Settlement Amount. How much each approved Class Member receives will depend on how many people make valid and timely claims that are approved and the Net Settlement Amount, after deducting attorneys' fees and costs, which are discussed below. Based on certain information known and estimating a claims rate of 4%, Class Members who file valid and timely Claim Forms could receive from the Settlement a payment of approximately $50. However, this is only an estimate, so that

- 2 -

amount could go up or down substantially, as the amount that Authorized Claimants will actually receive, will depend upon the number of valid and timely Claim Forms received, among other things.

**What Do I Give Up by Participating in the Settlement?** Each Class Member who does not file a valid and timely request to be excluded from the Class, regardless of whether they file a Claim Form, will be deemed to have forever released and discharged the Released Parties of the Released Claims, including any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the time period from October 16, 2013 to April 27, 2016, whether legal or equitable or otherwise, that actually were, or could have been, asserted in this Action based upon the facts alleged in the Action that arise from any violation of any provision of the TCPA (Telephone Consumer Protection Act) or any similar state statute, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action. Released Parties mean PHRG, and all of its past and present parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under their control in the past or in the present; its assignors, predecessors, successors and assigns; and the past or present partners, members, directors, officers, managers, employees, agents, licensees, agencies, attorneys, insurers, accountants and representatives of any and all of the foregoing.

**How do I make a Settlement claim?** A Claim Form is enclosed with this Notice and is available online through the website at www. _____.com. You can make a claim by completing and signing a Claim Form and submitting it to the Claims Administrator, in one of the following ways: (1) by submitting your Claim Form online through the website www. _____; (2) by mail to: PHRG Settlement, 1801 Market Street, Suite 660, Philadelphia, PA 19103; (3) by email to INSERT (by submitting this Claim Form as an attachment); or (4) by fax to the Claims Administrator at _____. To make a claim, you will be required to provide a) your name, b) your address and phone number, and c) the eight (8) digit Unique Identifier Number listed below your address on this Notice, if you received the Notice by mail. You must submit a Claim Form to the Claims Administrator *no later than* _____*, 2016*. If mailed, the submission must be postmarked *no later than* _____*, 2016*.

**Do I have a lawyer?** The lead Plaintiff and the Class are represented by the law firms of Berger & Montague, P.C. and Hughes Ellzey, LLP, who have been appointed by the Court as Class Counsel. You will not be charged personally for these lawyers. You may, however, hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing.

**What costs are to be deducted from the Settlement?** Plaintiff's Counsel will ask the Court for an award of attorneys' fees of up to 25% of the Settlement Amount ($1,300,000); reimbursement of litigation expenses and costs of up to $20,000; and a Service Award up to $5,000 payable to Plaintiff for his service in representing the Class in this Action. Notice and administration costs of up to $1,200,000 will also be paid out of the gross Settlement Amount.

**How do I exclude myself from the Settlement?** Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person mails a request for exclusion from the Settlement, by first-class mail addressed to: PHRG Settlement, ATTN: Exclusions, 1801 Market Street, Suite 660, Philadelphia, PA 19103. The exclusion request must be received or postmarked *no later than* _____*, 2016*. Each request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion; that the sender requests to be excluded from the Class in *Vasco v. PHRG*; and must be signed personally by the Class Member seeking exclusion, even if they are represented by counsel. Requests for exclusion must be submitted individually, and cannot be made *en masse*. Any request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. If you exclude yourself from the Class, you will not be able to participate in the Settlement and receive a payment.

- 3 -

**How can I object to the Settlement?**  Any Class Member who does not request exclusion such that it is postmarked no later than _____, 2016, may submit a written objection to the Settlement and may appear at the Final Approval Hearing if they wish to show good cause why the Agreement should not be approved as fair, reasonable and adequate, provided that they must first have delivered by hand or served by U.S. first class mail to Berger & Montague, P.C., Attn.: Shanon J. Carson, Arthur Stock, Lane L. Vines, 1622 Locust Street, Philadelphia, PA 19103; and Hinshaw & Culbertson LLP, Attn.: David M. Schultz, John P. Ryan, 222 North LaSalle Street, Suite 300, Chicago, IL 60601, written objections that specifically state with specificity the grounds for any objection, such that they are received or postmarked by INSERT DATE.  All written objections must include:  (a) the case caption and the full name, address and telephone number of the objecting Class Member; (b) a written statement of all grounds for the objection accompanied by any legal support for the objection; (c) copies of any papers, briefs, exhibits, or other documents upon which the objection is based; (d) a list of all persons who will appear at the Final Approval Hearing in support of the objection; (e) a statement of whether the objector intends to appear at the Final Approval Hearing; and (f) the objector's signature, even if represented by counsel.  Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to any aspect of the Agreement, unless otherwise ordered by the Court.

**What if I have a question about the Settlement?**  You can get more information about the Settlement by visiting the website at www._____.com.   You can also contact the Claims Administrator, toll free at _____.

- 4 -

# EXHIBIT C

# CLAIM AND RELEASE FORM

### *Teofilo Vasco v. Power Home Remodeling Group LLC*
### No. 15-cv-4623-MAK, U.S District Court for the Eastern District of Pennsylvania

**CLAIM NUMBER:**  | PH123456789

[Class Member Name]
[Class Member Address]

Name/Address Changes (if any):

Name: _____

Address: _____

_____

You are a Class Member if you received a call made by or on behalf of Power Home Remodeling Group LLC ("PHRG") on your cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 16, 2013 to April 27, 2016.

**If you are a Class Member, you are entitled to participate in the Settlement of the above referenced class action <u>and receive a payment</u>.**

In order to obtain a payment as a Class Member, you will need to sign and return this Claim and Release Form. Claim and Release Forms must be completed, signed and timely submitted to the Claims Administrator, the Angeion Group.

Claim and Release Forms may be submitted in one of the following ways: (1) online through the website www._____; (2) by mail to: PHRG Settlement, 1801 Market Street, Suite 660, Philadelphia, PA 19103; (3) by email to INSERT (by submitting this Claim Form as an attachment); or (4) by fax to the Claims Administrator at _____. You must submit a Claim Form to the Claims Administrator by ***no later than_____, 2016***. If mailed, the submission must be postmarked no later than _____, 2016.

Each Class Member who does not file a valid request to be excluded from the Class (following the procedure set forth in the Notice), will be deemed to have forever released and discharged the Released Parties of the Released Claims, including any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the time period from October 16, 2013 to April 27, 2016, whether legal or equitable or otherwise, that actually were, or could have been, asserted in this Action based upon the facts alleged in the Action that arise from any violation of any provision of the TCPA (Telephone Consumer Protection Act) or any similar state statute, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action. Released Parties mean PHRG, and all of its past and present parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under their control in the past or in the present; its assignors, predecessors, successors and assigns; and the past or present partners, members, directors, officers, managers, employees, agents, licensees, agencies, attorneys, insurers, accountants and representatives of any and all of the foregoing.

| Verification |
| --- |

By submitting this Claim and Release Form, I verify under penalty of perjury that I am a Class Member and that the information I have provided is true and correct.

By: _____    Date: _____
      (Signature of Claimant)    (dd/mm/yyyy)

Cell Phone No.: (_____) _____-_____    Email: _____