# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEOFILO VASCO | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 15-4623 |
| POWER HOME REMODELING GROUP LLC | : |

## ORDER

**AND NOW**, this 13th day of May 2016, upon careful review of Plaintiff's unopposed Motion for Preliminary Approval of a Class Action Settlement (ECF Doc. No. 23) with supporting memoranda (ECF Doc. No. 23-2) and following today's hearing and the Parties' consent to changes to their Settlement reflected in this governing Order and attached Notice, it is **ORDERED** Plaintiff's unopposed Motion (ECF Doc. No. 23) is **GRANTED**:

1. <u>Preliminary Approval of Settlement</u>. Having reviewed settlements in similar Telephone Consumer Protection Act cases in the District Courts and the several defenses, along with Defendant's representation of modifying its business practices regarding how it obtains consent thus benefitting the putative class, we find the Settlement in the Settlement Agreement (ECF Doc. No. 23-1), as modified upon consent in open court today and as further explained in the attached Notice, is preliminarily approved as fair, reasonable and adequate.[1] This Order shall govern to the extent any terms in the Settlement Agreement differ from obligations imposed by this Order.

2. <u>Settlement Class Definition.</u> The Settlement is made on behalf of Plaintiff and a Class consisting of: all persons who received a call made by or on behalf of Power Home

---

[1] For purposes of this Order, the Court adopts all defined terms in the Settlement Agreement. (ECF Doc. No. 23-1).

Remodeling Group ("PHRG") on his or her cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 16, 2013 to April 27, 2016. The Settlement Class excludes: (i) PHRG; (ii) its affiliates; (iii) its employees; (iv) persons who file a timely and valid request to be excluded from the Class under this Order and attached Notice; and (v) the legal representatives, heirs, successors and assigns of any excluded person or entity.

3. <u>Findings.</u> Following review of the Parties' extensive Memoranda and responses to the Court's questioning at today's hearing, the Court preliminarily finds, for settlement purposes only, the Parties satisfied prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3): (a) approximately 1.3 Million Class Members renders joinder of all members impracticable; (b) PHRG's uniform conduct as alleged in the Complaint included violating the Telephone Consumer Protection Act ("TCPA") throughout the United States by calling Plaintiff's and other Class Members' cellular phones for purposes of telemarketing without obtaining their prior express consent and PHRG denied all liability as to the allegations including obtaining consent; (c) there are questions of law and fact common to the Class; (d) Plaintiff's claims are typical of the claims of the class he seeks to represent and he will fairly and adequately represent the Settlement Class; (e) Berger & Montague, P.C. and Hughes Ellzey, LLP, including their attorneys responsible for this matter (collectively, "Plaintiff's Counsel") have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Settlement Class; and, (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court also finds that the Settlement Class is readily ascertainable from PHRG's business

2

records.

4. <u>Class Representative.</u> The Court preliminarily finds and concludes under Fed.R.Civ.P. 23 and for purposes of settlement, Plaintiff is an adequate representative of the Settlement Class and certifies him as a representative for the Settlement Class.

5. <u>Class Counsel.</u> Plaintiffs' Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or necessary to be taken under, the Settlement Agreement or such other acts are reasonably necessary to consummate the Settlement.

6. **<u>October 7, 2016 Hearing on Final Approval.</u>** Following notice, requests for exclusion or objections, filing of claim forms and the mandatory waiting period under 28 U.S.C. §1715 (d), we will hold a Final Approval Fairness Hearing on **Friday, October 7, 2016 at 9:30 A.M.**, United States Courthouse, 601 Market Street, Courtroom 9A, Philadelphia, Pennsylvania 19106 ("Hearing on Final Approval") to determine whether:

    a. the Settlement Class should be finally certified as a class action under Rules 23(a) and (b) for settlement purposes only;

    b. the terms and conditions in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved;

    c. the Released Claims should be dismissed with prejudice as defined in the Settlement Agreement;

    d. Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved;

    e. Whether a requested incentive award to Plaintiff is appropriate for his efforts; and,

    f. other matters we may deem appropriate.

7. <u>Mandated Statutory Notice</u>. On or before **May 24, 2016**, PHRG shall provide

notice to the Attorney General of the United States and the Attorneys General of each state or territory in which a Settlement Class Member resides under 28 U.S.C. § 1715. The Court finds compliance with this notice satisfies 28 U.S.C. § 1715.

8. **<u>Approved Notices to Settlement Class.</u>** The Court approves the form, substance, and requirements of the attached Notice of Class Action Settlement and the Claim and Release Form and finds the procedures established for publication, mailing, and emailing of such Settlement Notices including on a settlement website (www.phtcpa.com) meet Rule 23's requirements and due process, and constitute the best notice practicable under the circumstances.

9. To effectuate notice, and the collection, analysis, and determination of Claim Forms submitted in accordance with the terms of the Notice, and other actions required by this Order, the Court appoints Angeion Group, LLC of Philadelphia, Pennsylvania to serve as the Claims Administrator. We find, based on representations of all counsel during our hearing, the Claims Administrator has no conflicts or impermissible relationship with any Party or counsel.

10. The Claims Administrator is authorized and directed to issue the Notice, in substantially the attached present form, to the Settlement Class.

11. The Claims Administrator shall cause the Notice and Claim Form **to be mailed no later than July 13, 2016** to all members of the Settlement Class for whom PHRG has a mailing address derived from PHRG's business records. The date of such initial mailing is the "Notice Date." The Claims Administrator shall also prepare a list of all Settlement Class members without a known mailing address or for whom mailings were returned. This list shall be filed with the Plaintiff's Motion for Final Approval on August 23,

2016.

12.     **On or before July 13, 2016,** the Complaint (ECF Doc. No. 1), Answer (ECF Doc. No. 10), Settlement Agreement, Notice, Claim Form, and this Order shall be published on the web site maintained by the Claims Administrator, as approved by the Court.

13.     Final Approval Papers due by August 23, 2016.     **On or before August 23, 2016,** Plaintiff's Counsel shall:

    a.     Move for final approval of the Settlement, approval of attorney fees and reimbursement of litigation expenses, and for an incentive award for Plaintiff; and,

    b.     File an affidavit or declaration confirming the timely compliant mailing of the Notice, efforts to follow-up on any returned mailings and listing the names of all persons for whom they could not confirm a mailing address along with specifically describing their efforts to find all Class Members.

### *Class Members' Exclusion or Objections*

14.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, under the Settlement Agreement.

15.     Only Settlement Class members shall have rights with respect to approval of or objection to the Proposed Settlement, the application by Plaintiff's Counsel for an award of attorney's fees and reimbursement of litigation expenses, and Plaintiff's request for an incentive award.

16.     Exclusion requests. Settlement Class members may exclude themselves from the Settlement by mailing, first class mail, a written request for exclusion addressed to: PHRG Settlement, Attn: Exclusions, 1801 Market Street, Suite 600, Philadelphia, PA 19103 **no later**

**than September 14, 2016.** A Settlement Class member requesting exclusion from the Settlement Class shall not be entitled to receive any benefit described in this Order and Notice. By way of example only, an individual excluding himself or herself from the Settlement Class may not object to the Settlement, the Final Approval Order and Final Judgment, Plaintiff's Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiff's request for an incentive award.

17. Any Settlement Class member who has <u>not</u> requested exclusion from the Settlement Class may appear at the October 7, 2016 Hearing on Final Approval to show cause as to his or her position on the Settlement and on the Court's reviewing the settlement approval as fair, reasonable, and adequate; why the proposed Order and Final Judgment should not be entered; why Plaintiff's Counsel should not be awarded attorneys' fees and reimbursement of litigation expenses in the amounts sought by them with the Defendant's approval; or, why Plaintiff should not be awarded an incentive award in the amount requested.

18. <u>Objections to Settlement Terms.</u> A Settlement Class member may only be <u>entitled to contest</u> the approval of the terms and conditions of the Settlement, the Final Approval Order and Final Judgment, Plaintiff's Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiff's request for an incentive award, by timely delivering <u>specific</u> written objections <u>and</u> copies of any supporting papers and briefs **by first class mail postmarked no later than September 14, 2016 <u>or</u> by email to TCPAsettlement@angeiongroup.com sent no later than September 14, 2016 to <u>both</u>**: Berger & Montague, P.C. Attn: Shanon J. Carson, Arthur Stock, Lane I. Vines, 1622 Locust Street, Philadelphia, PA. 19103 <u>and</u> Hinshaw & Culbertson LLP, Attn: David M. Schultz, 222 North LaSalle Street, Suite 300, Chicago IL. 60601.

19. Any member of the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. Members of the Settlement Class who do not enter an appearance will be represented by Plaintiff's Counsel.

20. Any Class Member who does not object in the manner described in this Order shall have waived such objection and shall be forever foreclosed from objecting to the fairness, adequacy, or reasonableness of the Settlement or the Order and Final Judgment to be entered possibly approving the Settlement, Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, or Plaintiff's request for an incentive award.

21. The Parties' responses to any unresolved Objections shall be <u>filed</u>, with the attached unresolved Objection, no later than **September 29, 2016.**

22. On or before **October 4, 2016**, the Parties, and any Settlement Class Member who timely objected to the Settlement, shall file a pre-hearing Memorandum not exceeding seven (7) pages describing exhibits they intend to introduce and an offer of proof for any witness deemed necessary to address an objection.

### *Attorneys Fees, Costs and Incentive Awards*

23. At or after the October 7, 2016 Hearing, the Court will issue on Order on Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of out- of-pocket expenses and for an incentive award to Plaintiff for his demonstrated effort.

24. All reasonable costs incurred in identifying and notifying Settlement Class members, as well as administering the Settlement and distributing payments under the Settlement, shall be paid subject to the Court's Final Approval.

25. Should the Court grant Final Approval and grant Class Counsel's Motion for attorney's fees and reimbursement of expenses ("Fee Award"), then the Claims Administrator shall disburse the Fee Award consistent with our Final Order contemporaneous but not before distribution in the first mailing to the eligible Settlement Class Members with each distribution check to be void if not negotiated within one hundred and twenty (120) days of the date on the check so long as the check is dated on or after the date of Claims Administrator's first mailing of distributions.

26. All reasonable fees and costs incurred in identifying and notifying Settlement Class members, as well as administering the Settlement and distributing payments under the Settlement, shall be paid as defined in the Settlement Agreement, except as modified: (a) Class Counsel will pay all <u>reasonable costs and expenses</u> for Claims Administration Expenses, including Notice Expenses, from the Cash Settlement Amount within thirty (30) days of receipt of the Claims Administrator's invoices by Class Counsel and Class Counsel's review and approval of the invoices mindful of their fiduciary obligations; (b) the Claims Administrator's reasonable fees above $800,000 will be deferred and paid from the Cash Settlement Amount contemporaneous but not before distribution in the first mailing to the eligible Settlement Class Members.

27. The Claims Administrator, no later than thirty (30) days after the last void date on the eligible Settlement Class Members' checks, shall equally distribute any undistributed funds to Legal Aid of Southeastern Pennsylvania and the national headquarters for Habitat for Humanity under cover letter describing the *cy pres* distribution and attaching this Order and the Final Approval Order.

28. If the Settlement is not approved or consummated for any reason whatsoever,

the Settlement and all proceedings in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Settlement Agreement, except as otherwise described in the Settlement Agreement. In such instance, the Settlement and Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as described in the Settlement Agreement.

29. The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement is exclusively under this Court's authority.

_____
KEARNEY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEOFILO VASCO, individually and on behalf of all others similarly situated,<br>                    Plaintiff,<br>v.<br>POWER HOME REMODELING GROUP LLC,<br>                    Defendant. | No. 15-cv-4623-MAK |

## NOTICE OF CLASS ACTION SETTLEMENT

*A United States Federal Court authorized this Notice. This is not a solicitation from a lawyer. Your legal rights will be affected whether or not you act. Please read this Notice carefully.*

Your rights may be affected by the proposed $5.2 million settlement ("Settlement") of the above-captioned class action lawsuit (the "Action") if you received a call made by or on behalf of Power Home Remodeling Group LLC ("PHRG") on your cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 16, 2013 to April 27, 2016 (the "Class").

**If you are covered by the above description of the Class, you are a Class Member and entitled to a payment.. If you received this Notice, you are probably a Class Member. The actual payment you will receive depends on the number of valid Claim Forms received.**

**What are My Options?** As a Class Member, you have the following options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | Get no payment. Remain a Class Member. Give up certain rights. |
| **SUBMIT A CLAIM FORM ONLINE, BY EMAIL, BY FAX, OR BY MAIL POSTMARKED BY _____, 2016.** | If you wish to obtain a cash payment as a Class Member, you must fill out and return a Claim and Release Form ("Claim Form") which is included with this Notice and available online at www._____.com. Claim Forms must be completed, signed and submitted to the Claims Administrator online, by email, by fax, or by mail postmarked no later than _____, 2016. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED OR POSTMARKED NO LATER THAN _____, 2016.** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit or other legal proceeding such as arbitration if applicable against PHRG concerning the claims asserted in this Action. Should you exclude yourself from the Settlement and the Action, you should understand that PHRG will have the right to assert all defenses it may have to any claims that you may seek to assert including, among others, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT SO THAT THE OBJECTION IS RECEIVED OR POSTMARKED NO LATER THAN _____, 2016.** | Write to the Court about why you do not like the Settlement. You can do this only if you do not exclude yourself. |

**What Is the Case About?** This class action lawsuit claims that PHRG violated a law called the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by calling cellular phones without proper consent using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 13, 2013 to April 27, 2016. PHRG denies that it violated the law or did anything wrong and has asserted many defenses, including that PHRG obtained the requisite consent prior to making calls to the Class Members, among other things. PHRG does not admit any wrongdoing. Under the proposed Settlement, which must be approved by the Court, PHRG will pay a non-reversionary amount of $5,200,000. After the lawsuit was filed, PHRG modified its business practices regarding how it obtains consent for such a contact. Note that capitalized terms used in this Notice not otherwise defined have the meanings ascribed to them in the parties' Settlement Agreement dated May \_\_\_, 2016 (the "Agreement"). A copy of the Agreement, this Notice, the Claim and Release Form, and certain other documents related to this Action may be accessed online at www_____.com.

**Why am I receiving this Notice:** The Court in charge of this lawsuit has ordered that this Notice be sent to persons who are included in the Class to advise them of (a) the terms of the proposed Settlement, (b) their rights concerning the Settlement, and (c) their rights in connection with a hearing to be held before the United States District Court for the Eastern District of Pennsylvania (the "Court"), at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 in Courtroom \_\_\_\_ on _____, 2016 at \_\_\_\_\_ to consider the fairness, reasonableness and adequacy of the Settlement and the application for attorneys' fees and reimbursement of litigation expenses and costs to Class Counsel and related matters (the "Final Approval Hearing"). The time and date of the Final Approval Hearing may be changed by the Court without further notice to the Class. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain in the Class, the steps necessary to obtain his/her share of the distribution of the Net Settlement Amount in the event the Settlement is approved by the Court. Current and former affiliates and employees of PHRG, and their legal representatives, heirs, successors and assigns, may not participate in this Settlement or receive a payment.

**Can I get money from the Settlement?** Yes, if you are a Class Member you will be entitled to a portion of the Settlement. Authorized Claimants will receive equal shares of the Net Settlement Amount. How much each approved Class Member receives will depend on how many people make valid and timely claims that are approved and the Net Settlement Amount, after deducting attorneys' fees and costs, which are discussed below. Based on

- 2 -

certain information known and estimating a claims rate of 4%, Class Members who file valid and timely Claim Forms could receive from the Settlement a payment of approximately $50. However, this is only an estimate, so that amount could go up or down substantially, as the amount that Authorized Claimants will actually receive, will depend upon the number of valid and timely Claim Forms received, among other things.

**What Do I Give Up by Participating in the Settlement?** Each Class Member who does not file a valid and timely request to be excluded from the Class, regardless of whether they file a Claim Form, will be deemed to have forever released and discharged the Released Parties of the Released Claims, including any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the time period from October 16, 2013 to April 27, 2016, whether legal or equitable or otherwise, that actually were, or could have been, asserted in this Action based upon the facts alleged in the Action that arise from any violation of any provision of the TCPA (Telephone Consumer Protection Act) or any similar state statute, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action. Released Parties mean PHRG, and all of its past and present parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under their control in the past or in the present; its assignors, predecessors, successors and assigns; and the past or present partners, members, directors, officers, managers, employees, agents, licensees, agencies, attorneys, insurers, accountants and representatives of any and all of the foregoing.

**How do I make a Settlement claim?** A Claim Form is enclosed with this Notice and is available online through the website at www._____.com. You can make a claim by completing and signing a Claim Form and submitting it to the Claims Administrator, in one of the following ways: (1) by submitting your Claim Form online through the website www._____; (2) by mail to: PHRG Settlement, 1801 Market Street, Suite 660, Philadelphia, PA 19103; (3) by email to INSERT (by submitting this Claim Form as an attachment); or (4) by fax to the Claims Administrator at _____. To make a claim, you will be required to provide a) your name, b) your address and phone number, and c) the eight (8) digit Unique Identifier Number listed below your address on this Notice, if you received the Notice by mail. You must submit a Claim Form to the Claims Administrator *no later than* _____, *2016*. If mailed, the submission must be postmarked *no later than* _____, *2016*.

**Do I have a lawyer?** The lead Plaintiff and the Class are represented by the law firms of Berger & Montague, P.C. and Hughes Ellzey, LLP, who have been appointed by the Court as Class Counsel. You will not be charged personally for these lawyers. You may, however, hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing.

**What costs are to be deducted from the Settlement?** Plaintiff's Counsel will ask the Court for an award of attorneys' fees of up to 25% of the Settlement Amount ($1,300,000); reimbursement of litigation expenses and costs of up to $20,000; and a Service Award up to $5,000 payable to Plaintiff for his service in representing the Class in this Action. Notice and administration costs of up to $1,200,000 will also be paid out of the gross Settlement Amount.

**How do I exclude myself from the Settlement?** Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person mails a request for exclusion from the Settlement, by first-class mail addressed to: PHRG Settlement, ATTN: Exclusions, 1801 Market Street, Suite 660, Philadelphia, PA 19103. The exclusion request must be received or postmarked *no later than* _____, *2016*. Each request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion; that the sender requests to be excluded from the Class in *Vasco v. PHRG*; and must be signed personally by the Class Member seeking exclusion, even if they are represented by counsel. Requests for exclusion must be submitted individually, and cannot be made *en masse*. Any request for exclusion shall not be effective unless it provides the required information and is made within the time stated above,

- 3 -

or the exclusion is otherwise accepted by the Court. If you exclude yourself from the Class, you will not be able to participate in the Settlement and receive a payment.

**How can I object to the Settlement?** Any Class Member who does not request exclusion such that it is postmarked no later than _____, 2016, may submit a written objection to the Settlement and may appear at the Final Approval Hearing if they wish to show good cause why the Agreement should not be approved as fair, reasonable and adequate, provided that they must first have delivered by hand or served by U.S. first class mail to Berger & Montague, P.C., Attn.: Shanon J. Carson, Arthur Stock, Lane L. Vines, 1622 Locust Street, Philadelphia, PA 19103; and Hinshaw & Culbertson LLP, Attn.: David M. Schultz, 222 North LaSalle Street, Suite 300, Chicago, IL 60601, or by email to TCPAsettlement@angeiongroup.com, written objections that specifically state with specificity the grounds for any objection, such that they are received or postmarked by INSERT DATE. All written objections must include: (a) the case caption and the full name, address and telephone number of the objecting Class Member; (b) a written statement of all grounds for the objection accompanied by any legal support for the objection; (c) copies of any papers, briefs, exhibits, or other documents upon which the objection is based; (d) a list of all persons who will appear at the Final Approval Hearing in support of the objection; (e) a statement of whether the objector intends to appear at the Final Approval Hearing; and (f) the objector's signature, even if represented by counsel. Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to any aspect of the Agreement, unless otherwise ordered by the Court.

**What if I have a question about the Settlement?** You can get more information about the Settlement by visiting the website at www._____.com. You can also contact the Claims Administrator, toll free at _____.

[Field Code Changed]

# CLAIM AND RELEASE FORM

*Teofilo Vasco v. Power Home Remodeling Group LLC*
No. 15-cv-4623-MAK, U.S District Court for the Eastern District of Pennsylvania

**CLAIM NUMBER:** PH123456789

[Class Member Name]
[Class Member Address]

Name/Address Changes (if any):

Name: _____

Address: _____

_____

You are a Class Member if you received a call made by or on behalf of Power Home Remodeling Group LLC ("PHRG") on your cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 16, 2013 to April 27, 2016.

**If you are a Class Member, you are entitled to participate in the Settlement of the above referenced class action <u>and receive a payment</u>.**

In order to obtain a payment as a Class Member, you will need to sign and return this Claim and Release Form. Claim and Release Forms must be completed, signed and timely submitted to the Claims Administrator, the Angeion Group.

Claim and Release Forms may be submitted in one of the following ways: (1) online through the website www._____; (2) by mail to: PHRG Settlement, 1801 Market Street, Suite 660, Philadelphia, PA 19103; (3) by email to INSERT (by submitting this Claim Form as an attachment); or (4) by fax to the Claims Administrator at _____. You must submit a Claim Form to the Claims Administrator by *no later than* _____*, 2016*. If mailed, the submission must be postmarked no later than _____, 2016.

Each Class Member who does not file a valid request to be excluded from the Class (following the procedure set forth in the Notice), will be deemed to have forever released and discharged the Released Parties of the Released Claims, including any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever that arose during the time period from October 16, 2013 to April 27, 2016, whether legal or equitable or otherwise, that actually were, or could have been, asserted in this Action based upon the facts alleged in the Action that arise from any violation of any provision of the TCPA (Telephone Consumer Protection Act) or any similar state statute, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Action. Released Parties mean PHRG, and all of its past and present parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under their control in the past or in the present; its assignors, predecessors, successors and assigns; and the past or present partners, members, directors, officers, managers, employees, agents, licensees, agencies, attorneys, insurers, accountants and representatives of any and all of the foregoing.

## Verification

By submitting this Claim and Release Form, I verify under penalty of perjury that I am a Class Member and that the information I have provided is true and correct.

By: _____    Date: _____
    (Signature of Claimant)                                    (dd/mm/yyyy)

Cell Phone No.: (____) ____-_____    Email: _____