## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TEOFILO VASCO** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **NO. 15-4623** |
| **POWER HOME REMODELING** | : | |
| **GROUP LLC** | : | |

## ORDER

**AND NOW**, this 12th day of October 2016, upon consideration of Plaintiff's Motion for final approval of settlement (ECF Doc. No. 26), following our evaluation of briefing, affidavits, objections and oral argument at our noticed Final Fairness Hearing where no party or Class Member sought to adduce testimony and for reasons in the accompanying Memorandum including overruling Objections from two Class Members (ECF Doc. No. 34-1), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 26) is **GRANTED,** this case is **dismissed with prejudice** under the Settlement Agreement and we **enter JUDGMENT in favor of Teofilo Vasco and the certified Settlement Class and against Power Home Remodeling Group LLC:**

      1.    We have jurisdiction over the subject matter and parties and shall retain jurisdiction to resolve disputes arising as to the performance, validity, interpretation, enforcement or administration of the approved Notice, this Order or the Settlement Agreement;

*Class certification is warranted.*

2.      The proposed Settlement Class satisfies the requirements for class action treatment under Federal Rules of Civil Procedure 23(a) and (b).[1]  The Settlement Class with 1,104,162 identifiable members is so numerous joinder of all Class Members is impracticable. There are questions of law and fact common to the Class.  The claims of the Class Representatives are typical of the Settlement Class Members.  The Class Representatives and Class Counsel have fairly and adequately represented the interests of all Settlement Class Members.  The questions of law or fact common to the Class predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

3.      We **certify the Settlement Class** under Federal Rule of Civil Procedure 23 as:

> All persons who received a call made by or on behalf of Power Home Remodeling Group LLC on his or her cellular telephone where the call was made using an automatic telephone dialing system and/or pre-recorded or artificial voice messages during the period from October 16, 2013 to April 27, 2016.

4.      The Settlement Class meets the requirements of Fed.R.Civ.P. 23(b)(3). Common questions of law and fact predominate with respect to the members of the Settlement Class.  A class action is a superior method for resolving the claims of the Class.  This is the proper forum for the maintenance of this class action.  Due to the settlement, there will be no issues of manageability;

---

[1] Unless otherwise defined, all capitalized terms in this Order have the same meaning as in the May 5, 2016 Settlement Agreement (ECF Doc. No. 23-1.)

5.      We appoint Class Counsel Jarrett L. Ellzey and William Craft Hughes from Hughes Ellzey LLP; Shanon J. Carson, Arthur Stock, and Lane L. Vines from Berger & Montague, PC;

6.      Plaintiff and Class Counsel adequately represented the Class.   The Class Representative has no disabling conflicts with members of the Settlement Class and has participated in this action as required including starting this case with a call to a lawyer;

7.      All Settlement Class Members who did not timely opt out are deemed to have absolutely and unconditionally released and forever discharged the Defendant from all claims as defined in the Settlement Agreement;

### *The Settlement is fair, reasonable and adequate.*

8.      We **approve** the Settlement as fair, reasonable and adequate.

9.      The Settlement is entitled to a presumption of fairness because: (a) the negotiations were conducted at arm's length including with the aid of an experienced mediator over two days; (b) the parties exchanged pre-settlement documents, including review of records and documents from Power Home Remodeling Group; and (c) Class Counsel are experienced in class action litigation.   The parties provided notice in writing and on a settlement website of the pendency of this class action, the available recovery requested by the Class in the Complaint under the governing Law, the Proposed Settlement, and of the request for certification of the Settlement Class to all persons reasonably identifiable as Class Members after national publication notice, at the respective addresses set forth in Power Home Remodeling Group's records.   We find the form, content and method of dissemination of the Notice given to the Class Members was adequate and reasonable, and constituted the best notice practicable under the circumstances.   The notice, as given, provided valid, due and sufficient notice of these

proceedings, of the Proposed Settlement, and of the terms and conditions in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, constitutional due process and other applicable law;

10.     Defendant timely filed notice of the proposed settlement under the Class Action Fairness Act of 2005 ("Act"), 28 U.S.C. §§1711-1715, apprising, in connection with the approval of this settlement, Defendant sought certification from this Court confirming their respective notifications complied with any applicable Act requirements;

### *Proposed distribution under the Settlement Agreement.*

11.     Claims Administrator Angeion shall be paid under the terms of our May 13, 2016 Order up to $1,180,000 from the Settlement Amount after Class Counsel scrutinizes Angeion's submitted invoices before reimbursing demonstrated administrative costs, reasonable fees and incurred but unpaid expenses;

12.     We approve the attorney's fees and incentive awards contemporaneously awarded today as described in the accompanying Order and Memorandum;

13.     All distributions, including to Angeion, Class Counsel, Plaintiff, the Class, and any *cy pres*, shall be paid only under the terms of Paragraphs 23-27 of our May 13, 2016 Preliminary Approval Order (ECF Doc. No. 25) and, to the extent not inconsistent, with the Settlement Agreement;

14.     The Settlement is not subject to change, modification, amendment or addition without our further approval;  and,

15.     If the parties terminate the Settlement Agreement under its terms or the terms of any other agreement between the Parties, or this Judgment is reversed on appeal or otherwise does not become Final, (i) this Judgment shall be rendered null and void and vacated *nunc pro*

4

*tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and vacated *nunc pro tunc*; and, (iii) this case will proceed as provided in the Settlement Agreement.

KEARNEY, J.